### JIM LYONS v. THE STATE.

#### No. 4266.   Decided November 1, 1916.

**Perjury—Jury Not Sworn—Practice on Appeal.**

Under article 904, Code Criminal Procedure, as amended, it is provided that this court must conclusively presume that the jury was sworn, unless such fact was made an issue in the court below; besides, where the jury were once sworn and the case dismissed, but defendant consented to go to trial before the same jury, this was sufficient.

Appeal from the District Court of Wichita.   Tried below before the Hon. Wm. N. Bonner.

Appeal from a conviction of perjury; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. M. Blankenship,* for appellant.

*. C. C. McDonald,* Assistant Attorney General, for the State.—On question of jury being sworn: Dougherty v. State, 59 Texas Crim. Rep., 464; Himmelfarb v. State, 174 S. W. Rep., 586; Paine v. State, 146 id., 171.

HARPER, JUDGE.—Appellant was convicted of perjury and his punishment assessed at two years confinement in the State penitentiary.

No statement of facts accompanies the record, but in the motion for a new trial appellant contends that the jury was not sworn to try this case. In the affidavits he states the facts to be: That one case was called against appellant, and a jury was duly empaneled and sworn; that the district attorney then dismissed that case, and the trial of this case proceeded with before the same jury, without the jury being again sworn. The judgment recites that the jury was duly empaneled and sworn, and the first time this question is attempted to be raised is after verdict in the motion for new trial. Article 904, as amended, provides that on appeal we must conclusively presume that the jury was sworn unless such fact was made an issue in the court below. Certainly no such issue was raised during the trial; and if it can be

said to be raised by these affidavits, the judgment of the court recites that he heard evidence on that issue and determined it against appellant's contention. Appellant does not present that evidence to us, and we certainly can not under such circumstances adjudge "that it affirmatively appears by the record" that the jury was not sworn. We are further of the opinion that when the jury was sworn in the first instance, that case dismissed, and when appellant consented to go to trial in this case before the same jury which had been duly sworn, it was a substantial compliance with the statute.

The judgment is affirmed.

*Affirmed.*